NO. 07-04-0281-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 11, 2005


______________________________



ROKE ACOSTA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;



NO. B3798-0307; HONORABLE ED SELF, JUDGE


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Roke Acosta appeals his conviction for the felony offense of indecency
with a child. We agree with appointed counsel's conclusion that the record fails to show
any meritorious issue which would support the appeal and affirm the trial court's judgment. 

 Appellant was charged in an indictment alleging he engaged in sexual contact with
a child younger than seventeen. He pled not guilty and was tried before a jury which found
him guilty. The jury assessed punishment at twenty years confinement in the Institutional
Division of the Texas Department of Criminal Justice and a fine of $10,000.00. Appellant's
appointed trial counsel timely perfected appeal and new counsel was appointed to
represent appellant on appeal.

 Appellant's counsel has filed a motion to withdraw and a brief in support pursuant
to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), in which he
represents he has searched the record and in his professional opinion, under the controlling
authorities and facts of this case, there is no reversible error or legitimate grounds for
appeal. Counsel has informed appellant by letter of his right to review the trial record and
to file a pro se brief. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.-Waco 1994, pet.
ref'd). By letter this court also notified appellant of his opportunity to submit a response to
the Anders brief and motion to withdraw filed by his counsel. Appellant has not filed a brief
or other response. 

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record.
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 In a supplemental brief counsel discusses some of the evidence presented at trial
and objections made. Appellant was described as a "curandero" or "witch doctor" by his
son and daughter. (1) Trial counsel objected to admission of the report of an expert witness
and testimony concerning appellant's prosecution for practicing medicine without a license. 
Appellant waived any objection to the report when it was later offered into evidence, and
evidence of his prior prosecution for practicing medicine without a license was admitted
elsewhere without objection. Those complaints have not been preserved for appeal. See
Penry v. State, 691 S.W.2d 636, 655 (Tex.Crim.App. 1985) (admission of the same
evidence elsewhere without objection cures any error). 

 Our review of counsel's brief and the record convinces us that appellate counsel
conducted a thorough review of the record. We have also made an independent
examination of the entire record to determine whether there are any arguable grounds
which might support the appeal. See Stafford, 813 S.W.2d at 511. We agree it presents
no meritorious grounds for review. We grant counsel's motion to withdraw and affirm the
judgment of the trial court.


 James T. Campbell

 Justice


 


Do not publish. 
1. Appellant's long time housekeeper denied he was a curandero or witch doctor.



____


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Ashley McCall Stokes, appeals her conviction and sentence for the
offense of driving while intoxicated. Appellant contends that the officer did not have
reasonable suspicion to initiate a traffic stop and, therefore, any evidence obtained after
the detention should be excluded. We affirm.
 
 
Background During the early morning hours of February 28, 2008, Sergeant Jerome Godfrey
responded to a call regarding a prowler in the vicinity of the 3800 block of East 14th Avenue
in Amarillo, Texas. In responding to the call, Godfrey observed a single moving vehicle in
the area and began following the vehicle. As the vehicle turned off of 14th Avenue, Godfrey
lost sight of it and circled back to attempt to reestablish visual contact with the vehicle. On
11th Avenue, Godfrey observed a parked vehicle turning off its lights, but was unsure
whether the parked vehicle was the same one that he had recently followed. As he drove
by the vehicle, Godfrey looked at his rearview mirror and observed the taillights on the
vehicle flash on twice, even though he did not see anyone in the car. Godfrey parked at
the end of the street and continued to observe the car. A short time later, the car turned
on and began to pull away. Godfrey then activated his lights and stopped the vehicle. 
Godfrey stopped the vehicle based on his observations and suspicion that the occupant
may have been involved with the prowling report. 
          Appellant filed a motion to suppress and, after a hearing on the motion, the trial
court denied appellant’s motion. The trial court also filed its findings of fact and
conclusions of law in which the trial court found that “Godfrey believed the driver of the
vehicle may have been an auto burglar who was committing or had committed an offense.” 
Appellant pled guilty but received the trial court’s permission to appeal the denial of the
motion to suppress.
 
Law and Analysis
          A trial court’s ruling on a motion to suppress is reviewed for abuse of discretion. 
See Amador v. State, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). When the facts are
undisputed, the review is de novo. See Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.
App. 1997). In reviewing the officer’s testimony, we are to use an objective standard that
disregards any subjective intent of the officer making the stop and look solely to whether
an objective basis for the stop exists. See Ford v. State, 158 S.W.3d 488, 492-93 (Tex.
Crim.App. 2005). As long as an actual violation occurred, law enforcement officers are
free to enforce the laws and detain a person for that violation regardless of the officer's
subjective reason for the detention. See Garcia v. State, 827 S.W.2d 937, 944
(Tex.Crim.App. 1992). 
          In addition to the stated facts above, Godfrey testified that the vehicle was
improperly parked.


 Godfrey’s testimony that the vehicle was improperly parked would
have been sufficient for Godfrey to stop the vehicle after appellant began driving away. 
See Josey v. State, 981 S.W.2d 831, 837 (Tex.App.–Houston [14th Dist.] 1998, pet. ref’d). 
From Godfrey’s testimony, he did not detain the vehicle based on any traffic violation
observed or any burglary that may have been in progress. However, Godfrey’s subjective
intent is irrelevant. Ford, 158 S.W.3d 488, 492-93. Giving total deference to the trial court,
the trial court could have believed that Godfrey witnessed a traffic violation by the
improperly parked car. Guzman, 955 S.W.2d at 89. Though the trial court issued findings
of fact and conclusions of law discussing reasonable suspicion and articulable facts, those
findings and conclusions are unnecessary when an actual violation of the law is observed. 
See Garcia, 827 S.W.2d at 944. A law enforcement officer is free to enforce the law and
detain a person for that violation regardless of the officer’s subjective reason for the
detention. Id. Therefore, we conclude that the trial court did not abuse its discretion in
finding that Godfrey’s stop and detention was reasonable because of the observed traffic
violation. See id. We affirm the trial court’s ruling on the appellant’s motion to suppress.
Conclusion
          For the foregoing reasons, we affirm.
 
                                                                                      Mackey K. Hancock

                                                              Justice







Do not publish.